IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK A. PROSSER, et al.,**

    **Plaintiffs,**

v.

**XTO ENERGY, INC.,**

    **Defendant.**

**Case No. 2:12-cv-0883**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Kemp**

## OPINION AND ORDER

This matter is before the Court on the following filings:

1. Defendant's motion for joinder of indispensable parties or for dismissal in the event such parties cannot be joined (ECF No. 10); and

2. Plaintiffs' motion to voluntarily dismiss their first claim for relief and for leave to amend their motion for summary judgment (ECF No. 14),[1] Defendant's memorandum in opposition to Plaintiffs' motion (ECF No. 17), and Plaintiffs' reply in support of their motion (ECF No. 22).

For the reasons more fully set forth below, the Court **DENIES** Plaintiffs' motion (ECF No. 14) and **GRANTS** Defendant's motion (ECF No. 10.)

### I. Background

This case arises out of an alleged breach of an oil and gas lease. In August 2012, Plaintiffs Mark A. Prosser and Greta L. Prosser filed a two-count complaint in the Belmont County (Ohio) Court of Common Pleas seeking (1) a declaratory judgment that they own the entire fee simple interest in certain property located in Union Township, Belmont County, Ohio

---

[1] The Court will address Plaintiffs' motion for summary judgment (ECF No. 12) in a separate Opinion and Order.

and (2) specific performance of an oil and gas lease they entered into with Defendant XTO Energy, Inc. ("XTO"). (Compl., ECF No. 3.) Plaintiffs allege that XTO is in breach of the oil and gas lease and that XTO owes them $80,751.63. (*Id.* at ¶¶ 14-18.) XTO timely removed the case to this Court in September 2012, invoking federal diversity jurisdiction. 28 U.S.C. § 1332.

The allegations in the Complaint reveal a potential cloud upon title that is at the center of the parties' dispute in the motions now before the Court. Plaintiffs allege that their predecessors in title—Anne Marie Hurchot, John P. Korunych, Miro Korunych, Mike Korunych, Jr., and Nick Korunych—each owned a "one-fifth interest" in the subject property by virtue of a deed conveyed and recorded in November 1982. (Compl. ¶ 5, ECF No. 3.) Plaintiffs further allege that John P. Korunych, Miro Korunych, Mike Korunych, Jr., and Nick Korunych thereafter conveyed to Hurchot their "undivided four-sixths interest in" the relevant lands. (*Id.* at ¶ 6, PAGEID# 40.) Armed with a legal opinion from attorney John Costine attached to their Complaint, Plaintiffs contend that the "four-sixths" language was "merely a scrivener's error" and that Hurchot actually received a *four-fifths* interest in the relevant lands, which would mean that Hurchot owned the entire fee simple interest in the property when she conveyed it to Plaintiffs. (*Id.* at ¶ 8, PAGEID# 39-40.) Costine's affidavit acknowledges that Costine did not prepare the deed containing the "four-sixths" language, but does not state that Costine acted as an agent of the Korunyches in preparing the affidavit. (ECF No. 3 at PAGEID# 51.) Like the deed itself, Costine's affidavit is recorded with the Belmont County Recorder's Office.

Defendant filed a motion to require joinder of required parties under Fed. R. Civ. P. 19(a) or, alternatively, for dismissal of Plaintiffs' Complaint under Fed. R. Civ. P. 19(b) if such parties cannot be joined. (ECF No. 10.) In light of the "four-sixths" language in the conveyance to Hurchot, XTO raises the possibility that Plaintiffs do not have valid fee simple title in the lands

at issue. XTO contends that the legal opinion noting that the "four-sixths" language was a "scrivener's error" is not dispositive. Only by joining the absent parties who *may* claim an interest in the subject property can the Court establish whether that language was a scrivener's error. (*Id.* at PAGEID# 129-30.)

Plaintiffs did not file a memorandum in opposition to XTO's motion. Instead, Plaintiffs filed their own motion, styled as a "Motion to Dismiss its [*sic*] First Claim for Relief." (ECF No. 14.) Plaintiffs' motion asks the Court to dismiss the declaratory judgment claim alleged in the Complaint and to proceed solely on count two, seeking specific performance of the oil and gas lease with XTO. (*Id.* at PAGEID# 150.) Because the indispensable parties issue, according to Plaintiffs, is related solely to the declaratory judgment count alleged in the Complaint, Plaintiffs argue that the Court should deny XTO's motion if Plaintiffs are allowed to dismiss count one. (*Id.*)

## II.     Discussion

### A.  Plaintiffs' Motion to Dismiss under Fed. R. Civ. P. 41(a)(2)

Believing that dismissing their first claim for relief (declaratory judgment as to Plaintiffs' interest in the subject property) will moot XTO's motion to join required parties under Fed. R. Civ. P. 19, Plaintiffs purport to invoke Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss that claim. Plaintiffs cannot, however, utilize the voluntary dismissal rule in this manner. Litigants cannot use Rule 41(a) to dismiss anything less than the *entire action*. *See Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265-66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt.*, LLC, 511 F.3d 633, 636 (6th Cir. 2008); *see also Terry v. City of Columbus*, No. 2:06-cv-720, 2008 U.S. Dist. LEXIS 52519, at *10 (S.D. Ohio July 1, 2008); *Rivers v. Bowers*, No. 2:06-cv-712, 2008 U.S. Dist. LEXIS 39558, at *26 (S.D. Ohio May

15, 2008).  If Plaintiffs seek to dismiss the first claim for relief, they must use another procedural vehicle to do so (*e.g.*, Fed. R. Civ. P. 15).

Moreover, it is worth noting that the premise underlying Plaintiffs' motion to dismiss appears to be incorrect.  XTO argues in opposition to Plaintiffs' motion that the absent parties are "required" within the meaning of Fed. R. Civ. P. 19 even if the second claim for relief (specific performance) was the only one before the Court in this action.  (ECF No. 17 at PAGEID# 168.)  Though the Court need not decide the question at this time, the Court notes that the Paid Up Oil and Gas Lease at issue in this case appears to support XTO's argument in that regard.  The lease provides that XTO was to pay Plaintiffs royalties according to their respective interests in the property.  (ECF No. 3, at PAGEID# 52 ¶ 3.)  The lease also indicates that XTO could withhold lease payments if there was a title dispute or question as to title over the subject property.  (*Id.* at PAGEID# 53 ¶ 4 and PAGEID# 60 ¶ g.)  Thus, specific performance of the lease would require a determination of the Plaintiffs' interest in the subject property.

The Court **DENIES** Plaintiffs' motion to dismiss their first claim for relief.

**B.  Defendant XTO's Motion for Joinder of Required Parties**

XTO's motion for joinder of required parties is rooted in the admitted discrepancy in Plaintiffs' chain of title.  As alleged in the Complaint, John P. Korunych, Miro Korunych, Mike Korunych, Jr., and Nick Korunych transferred to Ann Marie Hurchot, Plaintiffs' predecessor in title, an "undivided four-sixths interests" in the subject property.  (Compl. ¶ 6, ECF No. 3.)  Plaintiffs contend, however, that the Korunych transferors held a combined *four-fifths* interest in the property and that the "four-sixths" language was merely a scrivener's error.  (*Id.* at ¶ 7.)  Plaintiffs rely upon the Costine affidavit, recorded in the Belmont County Recorder's Office, in which Costine opined that the "four-sixths" reference was a "scrivener error" and that it was

4

"clear" that the purpose of the deed conveyed to Hurchot in 1983 "was to transfer the entire interest held from the four Korunyeh [*sic*] brothers to their sister after they had received title from their mother." (ECF No. 3 at PAGEID# 51.) Based on the "scrivener's error" premise, Costine opined that Hurchot held the entire fee simple interest in the subject property "and that the subsequent transfers from [Hurchot] served to transfer the entire interest" in the property. (*Id.*)

Regardless of the Costine affidavit, XTO argues that the absent parties (*i.e.*, the Korunych brothers who transferred their interest to Hurchot) must be joined in this action, as they are "required" within the meaning of Fed. R. Civ. P. 19(a). Rule 19(a) provides:

> (1) **Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>   (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
>   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>     (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>     (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In this case, XTO argues that the absent parties are required under both Fed. R. Civ. P. 19(a)(1)(A) and (B). Insofar as the Costine affidavit does not indicate that he was an agent of the absent parties, it cannot be conclusive on the issue of whether the "four-sixths" language was a scrivener's error. XTO argues that joinder of the absent parties is necessary to resolve the question of whether Hurchot obtained the entire fee simple interest in the subject property and, by extension, whether Plaintiffs own the entire fee simple interest.

Assessing whether joinder is proper under Fed. R. Civ. P. 19 is a three-step process. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).  First, the court must determine whether the person is a necessary party under Fed. R. Civ. P. 19(a).  *Id.* (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8, 112 L. Ed. 2d 263, 111 S. Ct. 315 (1990)).  Second, if the person is a necessary party, the court must then decide if joinder of that person will deprive the court of subject matter jurisdiction.  *Id.*  Third, if joinder is not feasible because it will eliminate the court's ability to hear the case (*e.g.*, if joinder would destroy the court's diversity jurisdiction), the court must analyze the factors set forth in Fed. R. Civ. P. 19(b) to determine whether it "should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Id.*  An absent party is "indispensable" within the meaning of Fed. R. Civ. P. 19, if (1) the absentee is necessary, (2) the absentee's joinder cannot be effectuated, and (3) the court deems it necessary to dismiss the case rather than proceed without the absentee.  *Id.* (citing 4 Moore's Federal Practice § 19.02[3][c], at 19-22).[2]

Under Rule 19(a)(1)(A), a party must be joined in the action if the court cannot afford complete relief among the existing parties.  According to XTO, joinder of the absent parties is necessary because, without them, there can be no determination of Plaintiffs' ownership interest in the property as against XTO.  (Def.'s Mot., ECF No. 10 at PAGEID# 129.)  XTO also contends that the absent parties are required under Fed. R. Civ. P. 19(a)(1)(B).  This rule provides that a party is required if "that person claims an interest relating to the subject of the

---

[2] Though the Sixth Circuit in *Glancy* used the terms "indispensable" and "necessary" in its Rule 19 analysis, other courts have noted that the 1966 amendment to the Rule was designed to deemphasize, if not eliminate, such labels.  For example, the Fifth Circuit colorfully, if not confusingly, explained: "[Current] Rule 19 is designed to ameliorate the catechistic distinction between 'necessary' and 'indispensable' parties, which had sometimes subordinated logic and reality to historical encrustations. Under the present rule pragmaticals are to be the solvents of joinder problems, replacing former rigid terminological descriptions of parties.  We are not to be pinioned by categorical imperatives. Instead, the effect of the parties and on the litigation process is to be the fulcrum of decision." *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 888 (5th Cir. 1968).

action." It is not necessary that the party presently claim an interest in the subject matter of the litigation. If the absent party *could* claim an interest, that is enough to fall within Rule 19(a)(1)(B). *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 201 (6th Cir. 2001). And when that interest leaves an existing party subject to a substantial risk of multiple or inconsistent obligations, Rule 19 deems the absent party a required party that must be joined.

Regardless of whether this Court invokes Rule 19(a)(1)(A) or (B), XTO's point is well taken. Plaintiffs in this case ask for a declaratory judgment that they own the entire fee simple interest in the subject property. But without joinder of the parties whose deed conveyance in 1983 is the source of the title discrepancy in this case, there can be no such determination. By adjudicating this case without parties who may have interest in the subject property, this Court does nothing more than place a further cloud on title. *McShan v. Sherrill*, 283 F.2d 462, 463 (9th Cir. 1960). As the *McShan* court explained, it is "improper" for the Court to put such a cloud on title:

> A decree so affecting the interests of persons not joined as parties is improper. As was said in *Stewart v. United States*, 5 Cir., 1957, 242 F.2d 49, 51: 'No decree can be entered affecting the title to property or cancelling any cloud thereon unless all of the parties interested in the title or in the particular cloud and who will be directly affected by any judgment that may be rendered are properly before the Court.'

*Id.* at 463-64; *see also Marra v. Burgdorf Realtors, Inc.*, 726 F. Supp. 1000, 1004 (E.D. Pa. 1989) (finding nominal owner of property who may have had interest in the property to be a party who must be joined); *Broussard*, 398 F.2d at 887-88 (finding owner of undivided one-sixth interest in subject property to be a required party to the suit; affirming dismissal when the party could not be joined).

In this case, Plaintiffs want this Court to declare them to be the fee simple owners *and* to award them the remaining proceeds owed them under the terms of the oil and gas lease. For the

7

Court to do that without joining the absent parties would conceivably run the risk of subjecting XTO to multiple and conflicting obligations. For example, suppose that the four Korunych brothers really did convey only "four-sixths" of the interest in the property to Hurchot. This would mean, arguably, that the Korunych brothers retained some interest in the property that may entitle them to a share of the proceeds generated from the oil and gas lease. So even if this Court were to enter judgment in favor of Plaintiffs, such a determination would not preclude the Korunych brothers from pursuing their own lawsuit for their share of the proceeds, thereby exposing XTO to the risk of multiple obligations and conflicting judgments. Thus, the preferred course is to have the absent parties joined such that the Court can grant complete relief in an action where all the parties with conceivable interests in the subject property are joined.

To be sure, Plaintiffs take umbrage at the position that the absent parties must be joined. Plaintiffs make much of the fact that XTO "takes no position with respect to whether the issue in Plaintiffs' chain of title is a 'scrivener's error,' or ultimately, the extent of Plaintiffs' ownership interest in the property." (Def.'s Mot., ECF No. 10, at PAGEID# 124; Pls.' Mot., ECF No. 14 at PAGEID# 149.) Because XTO takes "no position" on the issue of ownership of the subject property or on whether the discrepancy in the 1983 conveyance was a scrivener's error, Plaintiffs call those issues "undisputed" and that Plaintiffs must therefore be deemed the sole fee simple owners of the subject property. But Plaintiffs put the cart well before the horse with this argument. The fact that XTO does not take a position on the issue is far from dispositive of the question. Indeed, part of the reason Fed. R. Civ. P. 19 exists in the first place is because of the recognition that absent parties may need to have their rights protected and not left to the whims of plaintiffs who may not want to join them in the lawsuit. 4 Moore's Federal Practice § 19.02[1] (3d Ed. 2012). The fact that XTO itself takes "no position" on the absent parties'

8

ownership interest (if any) is of no moment: the important fact is that XTO is seeking joinder of the very parties who *may* assert an ownership interest in the subject party, consistent with what Fed. R. Civ. P. 19 contemplates.  While Plaintiffs are adamant that these absent parties have no actual ownership interest in the property, the better course is for that issue to be determined with those absent parties present, at least in a case like this one where there is an evident discrepancy on the face of the deeds to the relevant property.

The affidavit from attorney Costine does not undercut XTO's argument that the absent parties should be joined.  As XTO points out, nothing in the affidavit suggests that Costine was speaking as the attorney or agent of the absent parties.  The affidavit reads as simply Costine's "legal opinion" that the "four-sixths" language in the 1983 deed conveyance was a scrivener's error.  Plaintiffs are essentially asking this Court to take Costine's opinion as the dispositive trump card to Fed. R. Civ. P. 19.  But Plaintiffs cannot sidestep the rule so easily.  While Costine's opinion might ultimately prove to be correct, that is a matter that must be litigated with the absent parties present.

The Court finds XTO's motion well taken.  The Court **GRANTS** XTO's motion for joinder of required parties.

### III.     Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant XTO's motion for joinder of required parties (ECF No. 10).  Within 21 days from the date of this Opinion and Order, Plaintiffs shall file an amended complaint joining as parties to this action the absent parties identified herein.  If such parties cannot be joined, Defendant XTO may file a motion to dismiss this action under Fed. R. Civ. P. 19(b).

The Court **DENIES** Plaintiffs' motion to dismiss its first claim for relief and for leave to amend Plaintiffs' motion for summary judgment (ECF No. 14).

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE