IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK A. PROSSER, et al.,**

    **Plaintiffs,**

v.

**XTO ENERGY, INC.,**

    **Defendant.**

Case No. 2:12-cv-0883
**JUDGE GREGORY L. FROST**
**Magistrate Judge Kemp**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' motion for summary judgment (ECF No. 12), Defendant's memorandum in opposition (ECF No. 16), and Plaintiffs' reply (ECF No. 21). Also before the Court is Defendant's motion to strike the second affidavit of attorney Kyle W. Bickford (ECF No. 24), Plaintiffs' memorandum in opposition (ECF No. 25), and Defendant's reply in support of the motion to strike (ECF No. 26). For the reasons set forth below, the Court **GRANTS** Defendant's motion to strike and **DENIES** Plaintiffs' motion for summary judgment

### I.   Background

This case arises out of an alleged breach of an oil and gas lease. Plaintiffs Mark A. Prosser and Greta L. Prosser are owners of two parcels of property in Union Township, Belmont County, Ohio, totaling approximately 122.351 acres. Plaintiffs claim ownership in the subject property by virtue of a general warranty survivorship deed dated January 9, 2009, and recorded one week later with the Belmont County Recorder's Office.

In August 2012, Plaintiffs filed a two-count complaint in the Belmont County (Ohio) Court of Common Pleas seeking (1) a declaratory judgment that they own the entire fee simple interest in certain property located in Union Township, Belmont County, Ohio and (2) specific

performance of an oil and gas lease they entered into with Defendant XTO Energy, Inc. ("XTO"). (Compl., ECF No. 3.) Plaintiffs allege that XTO is in breach of the oil and gas lease and that XTO owes them $80,751.63. (*Id.* at ¶¶ 14-18.) XTO timely removed the case to this Court in September 2012, invoking federal diversity jurisdiction. 28 U.S.C. § 1332.

The allegations in the Complaint reveal a potential cloud upon title that is at the center of the parties' dispute in the motions now before the Court. Plaintiffs allege that their predecessors in title—Ann Marie Hurchot, John P. Korunych, Miro Korunych, Mike Korunych, Jr., and Nick Korunych—each owned a "one-fifth interest" in the subject property by virtue of a deed conveyed and recorded in November 1982. (Compl. ¶ 5, ECF No. 3.) Plaintiffs further allege that John P. Korunych, Miro Korunych, Mike Korunych, Jr., and Nick Korunych, in a deed recorded on April 1, 1983, conveyed to Hurchot their "undivided four-sixths interest in" the relevant lands. (*Id.* at ¶ 6, PAGEID# 40.) Armed with a legal opinion from attorney John Costine attached to their Complaint, Plaintiffs contend that the "four-sixths" language in the 1983 deed was "merely a scrivener's error" and that Hurchot actually received a *four-fifths* interest in the relevant lands. (*Id.* at ¶ 8, PAGEID# 39-40.) And if Hurchot received a four-fifths interest in the relevant property in 1983, Costine opines that Hurchot held the entire fee simple interest at that time; thus, "the subsequent transfers from [Hurchot] served to transfer the entire interest to" the property. (ECF No. 3, Ex. C at PAGEID# 51.) Costine's affidavit acknowledges that Costine did not prepare the deed containing the "four-sixths" language, but does not state that Costine acted as an agent of the Korunyches in preparing the affidavit. (*Id.*) Like the deed itself, Costine's affidavit is recorded with the Belmont County Recorder's Office.

XTO filed a motion to require joinder of required parties under Fed. R. Civ. P. 19(a) or, alternatively, for dismissal of Plaintiffs' Complaint under Fed. R. Civ. P. 19(b) if such parties

2

cannot be joined. (ECF No. 10.) In light of the "four-sixths" language in the conveyance to Hurchot, XTO raises the possibility that Plaintiffs do not have fee simple title to the entirety of the lands at issue. This Court granted XTO's motion on April 25, 2013, giving Plaintiffs 21 days in which to file an amended complaint joining the absent parties. (ECF No. 27.)

Meanwhile, the day after XTO filed its motion for joinder of required parties, Plaintiffs filed a motion for summary judgment. (ECF No. 12.) Plaintiffs contend that the Costine affidavit filed with the Belmont County Recorder's Office is dispositive of the issues in this case—the "four-sixths" language in the 1983 deed from the Korunyches to Hurchot was a scrivener's error and Plaintiffs are therefore the fee simple owners of the entire property in question. (*Id.* at PAGEID# 140-45.) In their summary judgment briefing, Plaintiffs went as far as to state that Attorney Costine's affidavit in this matter "is the only evidence!" (Pls.' Reply, ECF No. 21 at PAGEID# 197-98.)

In addition to the March 2012 Costine affidavit referenced in their motion for summary judgment, Plaintiffs filed another Costine affidavit on February 6, 2013; this second Costine affidavit was attached to the "Second Affidavit" of attorney Kyle Bickford.[1] (ECF No. 23.) The second Costine affidavit appears to have been filed with the Belmont County Recorder's Office on February 6, 2013 and is expressly titled, "Affidavit of Facts Relating to Title of Real Property" under Ohio Rev. Code § 5301.252. (*Id.* at PAGEID# 226.) XTO has moved to strike Bickford's "Second Affidavit," along with the Costine affidavit attached to it, on the basis that Plaintiffs untimely filed it under S.D. Ohio Civ. R. 7.2(d). (ECF No. 24.)

Both Plaintiffs' motion for summary judgment and XTO's motion to strike are fully briefed and ripe for this Court's adjudication.

---

[1] Attorney Bickford's first affidavit is attached to Plaintiffs' reply in support of their motion for summary judgment. (ECF No. 21-1.) Defendant XTO does not move to strike the first affidavit.

## II. Discussion

### A. Motion to Strike

The Court first addresses XTO's motion to strike. (ECF No. 24.) XTO moves to strike the second affidavit of attorney Kyle W. Bickford (ECF No. 23) on the basis that Plaintiffs filed it outside of the time allowed under S. D. Ohio Civ. R. 7.2(d). Rule 7.2(d) states:

> When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition. If evidence is not available to meet this schedule, or circumstances exist as addressed by [Fed. R. Civ. P. 56(d)], counsel shall consult one another and attempt to stipulate to an agreed Motion for extension of the schedule established by this Rule; failing agreement, counsel shall promptly bring the matter to the attention of the Court in order to avoid piecemeal submission of evidence and unnecessary memoranda. Assignment of any Motion for oral argument or a conference with the Court shall not extend these deadlines for the submission of evidence.

XTO argues (accurately) that Plaintiffs' filing of the second Bickford affidavit violates Rule 7.2(d) because Plaintiffs did *not* file it contemporaneously with their motion for summary judgment. Indeed, Plaintiffs filed the second Bickford affidavit two weeks after the parties completed the briefing on Plaintiffs' motion for summary judgment. (ECF Nos. 12, 16, 21, 23.)

In response to XTO's motion to strike, Plaintiffs take the novel approach of ignoring Rule 7.2(d) altogether. Instead of explaining why it did not abide by the timing for filing evidence set forth in that rule or why it did not utilize any of the Rule's built-in mechanisms for extending the schedule for submitting evidence to support their motion for summary judgment, Plaintiffs take a shotgun approach. Plaintiffs accuse XTO of (1) withholding a key piece of evidence from its Fed. R. Civ. P. 26(a) disclosures, (2) perpetuating an "improper understanding" of Ohio Rev. Code § 5301.252, (3) offering the motion to strike "in bad faith" as a way to

4

perpetuate this litigation. (Pls.' Response, ECF No. 25 at PAGEID# 240.) All of this, argue Plaintiffs, counsels against striking the second Bickford affidavit. (*Id.*)

Plaintiffs' argument misses the point. The point of XTO's motion is that Plaintiffs should have submitted all evidence in support of their motion for summary judgment at the time Plaintiffs filed their motion. None of the circumstances cited by Plaintiffs is particularly compelling and none of them explains why Plaintiffs were unable to comply with S.D. Ohio Civ. R. 7.2(d). The Court therefore **GRANTS** XTO's motion to strike the second affidavit of Kyle Bickford, including attachments.

### B. Plaintiffs' Motion for Summary Judgment

Plaintiffs move for summary judgment on their Complaint, taking the position that there is no genuine issue of material fact to try in this case with regard to Plaintiffs' fee simple ownership of the property in question or the issue of Plaintiffs' entitlement to proceeds pursuant to the oil and gas lease with XTO. Under Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the moving party, Plaintiffs have the initial burden of proving that no genuine issue of material fact exists; the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted). If the moving party meets its initial Rule 56 burden, the nonmovant must "designate specific facts showing that there is a genuine issue for trial" in order to escape summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In this case, the Court easily disposes of Plaintiffs' summary judgment motion in light of the Court's recent disposition of other motions. Recently, this Court granted XTO's motion for joinder of required parties and ordered Plaintiffs to join the absent parties within 21 days of the Court's order granting XTO's motion. (ECF No. 27.) Summary judgment is inappropriate here for the same reasons underlying the Court's decision to grant XTO's motion for joinder. As the Court stated in its opinion ordering the joinder of required parties:

> In this case, Plaintiffs want this Court to declare them to be the fee simple owners *and* to award them the remaining proceeds owed them under the terms of the oil and gas lease. For the Court to do that without joining the absent parties would conceivably run the risk of subjecting XTO to multiple and conflicting obligations. For example, suppose that the four Korunych brothers really did convey only "four-sixths" of the interest in the property to Hurchot. This would mean, arguably, that the Korunych brothers retained some interest in the property that may entitle them to a share of the proceeds generated from the oil and gas lease. So even if this Court were to enter judgment in favor of Plaintiffs, such a determination would not preclude the Korunych brothers from pursuing their own lawsuit for their share of the proceeds, thereby exposing XTO to the risk of multiple obligations and conflicting judgments. Thus, the preferred course is to have the absent parties joined such that the Court can grant complete relief in an action where all the parties with conceivable interests in the subject property are joined.

(ECF No. 27 at PAGEID# 252-53.) Simply put, it is premature to grant summary judgment in this case when the Court has already determined that there are required parties that must be joined in this action under Fed. R. Civ. P. 19. Denial of Plaintiffs' motion for summary judgment is warranted for that reason alone.

Regardless of the Rule 19 issue and the Court's order for Plaintiffs to join absent parties in this case, Plaintiffs have failed to meet their initial Rule 56 burden as the moving party anyway. In support of their motion for summary judgment, Plaintiffs rely exclusively on the Costine affidavit recorded on March 6, 2012, to establish that the discrepancy in their chain of title was a "scrivener's error." Attorney Costine's affidavit states in relevant part:

6

>    1.    I am a licensed attorney in the State of Ohio and am familiar with the warranty deed granted by John P. Korunyeh [*sic*], Miro Korunych, Mike Kornuyeh [*sic*], [and] Niek Korunyeh [*sic*] to Ann Marie Hurchot aka Anna Kurunyeh [*sic*] Hurchot as recorded on April 1, 1983 in Volume 611, Page 794 of the Belmont County Deed Records.  The attorneys that comprised the law firm that prepared the deed known as Iddings & Iddings were known by me and are now deceased.
>
>    2.    I have also reviewed other underlying documents leading up to the execution of this deed in the public records and it is clear from these records that the purpose of this deed was to transfer the entire interest held from the four Korunyeh [*sic*] brothers to their sister after they had received title from their mother.
>
>    3.    Due to a scrivener error, the deed incorrectly referenced a 4/6 interest rather than a 4/5 interest being conveyed in the instrument notwithstanding the clear intent of the parties.
>
>    4.    It is my legal opinion that the entire fee simple interest was held by Ann Marie Korunyeh [*sic*] aka Ann Korunyeh [*sic*] and that the subsequent transfers from Ms. Korunyeh [*sic*] served to transfer the entire interest to the tracts described herein.

(ECF No. 3 at Ex. C, PAGEID# 51.)

Plaintiffs use Costine's affidavit as one contemplated by Ohio Rev. Code § 5301.252, which allows an affidavit recorded with a county recorder's office to be evidence "of the facts stated" with respect to, among other things, the "happening of any condition or event that may create or terminate an estate or interest."  Ohio Rev. Code § 5301.252(A) and (B)(3). Specifically, Plaintiffs use Costine's March 2012 affidavit as evidence that the 1983 conveyance from the Korunych brothers to Hurchot contained a "scrivener error" that misstated the scope of the interest that Hurchot acquired in the property.

It is not clear, however, that Costine's affidavit is within the contemplation of Ohio Rev. Code § 5301.252 or otherwise admissible.  His affidavit states, in conclusory fashion, that the "facts" to which he testifies are based on his "personal knowledge and information."  Be that as it may, Costine's testimony is, on its face, limited to what he gleaned from his review of

7

unidentified "other underlying documents leading up to the execution" of the deed in question. Attorney Costine was not involved in the transaction in question and professed no personal knowledge with regard to the intent of the parties who transferred the four-fifths or four-sixths interest in property to Hurchot. On its face and on the record before the Court, Attorney Costine's affidavit is inadmissible evidence that cannot carry Plaintiffs' summary judgment burden. *See Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (noting that the court may only consider admissible evidence when ruling on a motion for summary judgment).

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant XTO's motion to strike the second affidavit of Kyle W. Bickford and its attachments. (ECF No. 24.) The Court hereby **STRIKES** ECF No. 23 from its docket and disregards it. The Court **DENIES** Plaintiffs' motion for summary judgment (ECF No. 12).

**IT IS SO ORDERED**.

   /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE