IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK A. PROSSER, et al.,**

    **Plaintiffs,**

v.

**XTO ENERGY, INC., et al.,**

    **Defendants.**

    **Case No. 2:12-cv-0883**
    **JUDGE GREGORY L. FROST**
    **Magistrate Judge Kemp**

## OPINION AND ORDER

This matter is before the Court on the following filings:

1. Defendant XTO Energy, Inc.'s motion to dismiss for Plaintiffs' failure to join absent parties (ECF No. 33), Plaintiffs' response in opposition (ECF No. 42), and Defendant's reply in support of its motion (ECF No. 44); and

2. Plaintiffs' application for entry of default (ECF No. 39), Defendant XTO Energy's objection to Plaintiffs' application for an entry of default (ECF No. 40), and Plaintiffs' response to Defendant's objection (ECF No. 43).

For the reasons detailed below, the Court **DENIES** Defendant XTO Energy's motion to dismiss, **SUSTAINS** Defendant's objection to Plaintiffs' application for default, and **ORDERS** Plaintiffs to obtain valid service of process upon the newly joined Defendants in the amended complaint within 60 days of the date of this Opinion and Order.

**I.**

This case arises out of an alleged breach of an oil and gas lease.  In August 2012, Plaintiffs Mark A. Prosser and Greta L. Prosser filed a two-count complaint in the Belmont County (Ohio) Court of Common Pleas seeking (1) a declaratory judgment that they own the

1

entire fee simple interest in certain property located in Union Township, Belmont County, Ohio and (2) specific performance of an oil and gas lease they entered into with Defendant XTO Energy, Inc. ("XTO").  (Compl., ECF No. 3.)  Plaintiffs alleged that XTO is in breach of the oil and gas lease and that XTO owes them $80,751.63.  (*Id.* at ¶¶ 17-18.)  XTO timely removed the case to this Court in September 2012, invoking federal diversity jurisdiction.  28 U.S.C. § 1332.  (ECF No. 1.)

The allegations in the Complaint reveal a potential cloud upon title that is at the center of the parties' dispute in the motions now before the Court.  Plaintiffs allege that their predecessor in title—Anne Marie Hurchot—owned an undivided "one-fifth (1/5) interest" in the subject property by virtue of a deed conveyed and recorded in November 1982.  (Am. Compl. ¶ 4, ECF No. 29.)  Plaintiffs further allege that John P. Korunych (aka John P. Kornick), Miro Korunych (aka Miro Cornish), Mike Korunych, Jr., and Nick Korunych (aka Nicholas Korunych) thereafter conveyed to Hurchot their "undivided four-sixths interest in" the relevant lands.  (*Id.* at ¶ 5.)  Armed with a legal opinion from attorney John Costine attached to their Complaint, Plaintiffs contend that the "four-sixths" language was "merely a scrivener's error" and that Hurchot actually received a *four-fifths* interest in the relevant lands, which would mean that Hurchot owned the entire fee simple interest in the property when she conveyed it to Plaintiffs.  (*Id.* at ¶¶ 7-8.)

On April 25, 2013, this Court granted Defendant XTO's motion for joinder of required parties under Fed. R. Civ. P. 19(a).  (Opinion and Order, ECF No. 27.)  In light of the "four-sixths" language in the conveyance to Hurchot, the Court found it possible that the Korunyches retained an interest in the property at issue.  (*Id.* at PageID# 253.)  Whether the "four-sixths" language was a "scrivener's error" was an "issue to be determined with those absent parties

2

present, at least in a case like this one where there is an evident discrepancy on the face of the deeds to the relevant property." (*Id.* at PageID# 254.) The Court ordered Plaintiffs to file an amended complaint joining the absent parties in the action. (*Id.* at PageID# 255.)

Plaintiffs filed their amended complaint on May 15, 2013. (ECF No. 29.) Plaintiffs named "John P. Korunych, a/k/a John P. Kornick," "Miro Korunych, a/k/a Miro Cornish," "Mike Korunych, Jr.," and "Nick Korunych, a/k/a Nicholas Korunych" as additional Defendants, as well as their "unknown spouse[s], heirs, guardians, devisees, personal representatives, and/or assignees, if any." (*Id.* at PageID# 264-65.) Plaintiffs noted on their complaint that the residence addresses of these new Defendants were "all unknown." (*Id.*) Attached to the amended complaint were exhibits showing that Plaintiffs served the new Defendants by publication only. (ECF Nos. 29-2, 29-3, 29-4, and 29-5.) In an affidavit attached to the amended complaint, attorney Kyle W. Bickford stated the basis for serving the newly joined Defendants by publication. (ECF No. 29-2.) Bickford stated, among other things, that (1) a review of the "Index to Estates" in the Belmont County Probate Court revealed no estates for any of the newly joined Defendants, (2) a "due diligence search of public records on Lexis Nexis" failed to produce residential addresses for the newly joined Defendants, and (3) "[a]ll of the efforts made on behalf of Plaintiffs to ascertain the residences" of the newly joined Defendants "were unsuccessful." (*Id.* at ¶¶ 6-9.)

When none of the newly joined Defendants answered otherwise responded to the amended complaint following service by publication, Plaintiffs applied to the Clerk of Courts for an entry of default. (ECF No. 39.) Defendant XTO objects to an entry of default by the Clerk and also moves the Court for dismissal of this action due to Plaintiffs' failure to properly join the new Defendants. (ECF No. 33.)

## II.

### A. *Defendant XTO's Motion to Dismiss*

As XTO correctly points out in its motion to dismiss, this Court's previous Order recognized that the previously absent parties (*viz.*, the Korunyches identified above) must be joined in this action in order for the Court to make a complete determination as to the ownership of the subject property. (Def.'s Mot., ECF No. 33 at PageID# 325; *see also* Opinion and Order, ECF No. 27 at PageID# 252.) Despite Plaintiffs' filing of an amended complaint adding the Korunyches as parties, XTO contends that the Court should nonetheless dismiss this action because Plaintiffs have not added the new Defendants through *proper* service of process. (ECF No. 33 at PageID# 326.) Service by publication does not suffice in this case, argues XTO, because Plaintiffs have not demonstrated the requisite diligence in ascertaining the residence addresses of the newly joined Defendants.

Fed. R. Civ. P. 4(e) provides that an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In resorting to service by publication, Plaintiffs relied on this provision of the Federal Rules. Indeed, in their opposition to XTO's motion, Plaintiffs cite Ohio Rev. Code § 2703.14(I) and Ohio Civil Rule 4.4 as authority allowing for service by publication. Under Ohio law, however, "a plaintiff must exercise reasonable diligence in his attempt to locate a defendant before he is entitled to service by publication." *Sizemore v. Smith*, 6 Ohio St. 3d 330, 331, 453 N.E. 2d 632 (Ohio 1983).

Upon review of the briefing, the Court agrees with XTO: neither the Bickford affidavit nor Plaintiffs' opposition to XTO's motion shows the requisite due diligence to justify service by

publication. Bickford's affidavit attests that Plaintiffs' efforts to locate the newly joined Defendants were limited to (1) reviewing property and probate records in Belmont County, Ohio and (2) an unspecific public records search on Lexis Nexis®. (Bickford Aff. ¶¶ 5-7, ECF No. 29-2.) Under different facts, these efforts *might* suffice to establish due diligence on Plaintiffs' part to ascertain the residence addresses of the newly joined parties. But under the facts of record here, these efforts fall short of showing due diligence.

For one thing, the Court is puzzled as to why Plaintiffs limited their property and probate searches to Belmont County, Ohio. As XTO points out, the deed that includes the "four-sixths" language that is at issue in this case reveals that Defendant John P. Korunych (aka John Kornick) executed the deed in Prince George's County, Maryland, Defendant Miro Korunych executed it in Los Angeles County, California, Defendant Mike Korunych, Jr., executed it in Adams County, Colorado, and Defendant Nicholas Korunych (aka Nick Korunych) executed it in Tarrant County, Texas. (ECF No. 29-1, at PageID# 281-82.) Despite this information, there is no indication that Plaintiffs searched in these places for addresses at which to serve the newly joined Defendants.

Also illustrative of the lack of due diligence is the affidavit of Daniel Broidy, a summer intern who was employed at the law offices of XTO's counsel. Using basic internet searches, Broidy was able to locate, in less than 20 minutes, information pertaining to a John P. Kornick, a Mike Korunych, and a Nicholas Korunych in the states where each of them executed the deed at issue. (Broidy Aff. ¶¶ 4-7, ECF No. 33-1.) Broidy learned that John P. Kornick died in 1986 and estates in his name were opened and closed in Prince George's County, Maryland. (*Id.* at ¶ 5.) Broidy also located information that a Nicholas Korunych died in 1996 and that his last residential address was in Fort Worth, Texas. (*Id.* at ¶ 6.) He also located information that a

5

Mike Korunych who resided in Aurora, Colorado, died in 1996, and also found documentation that a Maria Korunych residing at the same address is apparently still living. (*Id.* at ¶ 7.) The fact that this information was able to be gleaned from a 20-minute internet search cuts against a finding that Plaintiffs exercised due diligence before resorting to service by publication.

In their response to XTO's motion, Plaintiffs seem to acknowledge that they found some of the same information in their Lexis Nexis search as Broidy found in his internet search. (Pls.' Opp., ECF No. 42 at PageID# 380.) Plaintiffs contend, however, that the information on John P. Korunych was "minimal" and "inconclusive." (*Id.*) Plaintiffs also contend that the "locator service" provided no results for Miro or John Korunych and that the Lexis-Nexis database provided no "potential relatives" for Nicholas Korunych in Plaintiffs' search results. (*Id.*) Also, because of the dates on which Michael Korunych and Nicholas Korunych died, Plaintiffs contend that online records produced no "reasonably current address." (*Id.* at PageID# 380-81.) Finally, as to Maria Korunych, Plaintiffs say it is "not conclusive" that she is an heir to Michael Korunych's estate. (*Id.* at PageID# 382.)

Plaintiffs' justifications, however, do not establish due diligence; if anything, they corroborate the fact that there was information that provided at least a starting point to ascertain possible addresses for service upon the newly joined Defendants or their estates. Instead of investigating these leads any further, it appears that Plaintiffs simply concluded they would not be fruitful and resorted instead to service by publication. Service by publication, however, is a *last resort* device. *Anstaett v. Benjamin*, 1st Dist. No.C-10376, 2002-Ohio-7339, at ¶ 15 (Ohio Ct. App. Dec. 31, 2002). On the record before it, with the information that Plaintiffs had at their disposal, the Court cannot say that Plaintiffs had to go to the last resort of service by publication. With information that the newly joined Defendants resided in other states before their deaths and

that at least one possible heir to a newly joined Defendant was living in Colorado, it is dubious to conclude that service by publication in Belmont County, Ohio was the best that Plaintiffs could do here.

While the Court agrees with Defendant XTO that Plaintiffs failed to exercise due diligence before resorting to service by publication, the Court does not deem dismissal of Plaintiffs' action to be the proper course of action at this time. Though XTO moves to dismiss under Fed. R. Civ. P. 19, dismissal under that rule is appropriate only if "a person who is required to be joined if feasible cannot be joined." Fed. R. Civ. P. 19(b). The basis of XTO's motion, however, is not that joinder of the new Defendants is not feasible; rather, XTO contends that Plaintiffs did not try hard enough to serve the new Defendants before resorting to service by publication. Accordingly, while the Court does not foreclose the possibility that dismissal may be appropriate under Rule 19 if joinder proves not to be feasible, the rule does not provide a basis to dismiss the action at this time.

For these reasons, the Court **DENIES** Defendant XTO's motion to dismiss for failure to properly join the absent parties. Based on the Court's ruling today that Plaintiffs have not properly served the newly joined Defendants, Plaintiffs have failed to serve the newly joined Defendants within 120 days, as required by Fed. R. Civ. P. 4(m). Pursuant to Fed. R. Civ. P. 4(m), the Court **ORDERS** Plaintiffs to serve the newly joined Defendants within 60 days of the date of this Opinion and Order. Failure to do so may result in dismissal of the newly joined Defendants under Fed. R. Civ. P. 4(m) and possible dismissal of this action under Fed. R. Civ. P. 19(b).

### B. *Plaintiffs' Application for Default*

Plaintiffs filed with the Clerk an application for default under the theory that the newly joined Defendants failed to plead in response to the amended complaint within the time required under the Federal Rules of Civil Procedure following final publication of Plaintiffs' purported service by publication. (ECF No. 39.) Defendant XTO objects to an entry of default, however, based on its position that service by publication was improper. (ECF No. 40.)

The Court **SUSTAINS** Defendant XTO's objection. As Plaintiffs have not perfected service of process upon the new Defendants joined in the amended complaint, Plaintiffs are not entitled to an entry of default.

### III.

For the foregoing reasons, the Court **DENIES** Defendant XTO's motion to dismiss (ECF No. 33). The Court also **SUSTAINS** Defendant XTO's objection (ECF No. 40) to Plaintiffs' application for an entry of default (ECF No. 39). The Court **ORDERS** Plaintiffs to obtain service of process upon the newly joined Defendants in the amended complaint within 60 days of the date of this Opinion and Order.

**IT IS SO ORDERED**.

   /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE